CHARLES F. WINGATE *versus* ORRIN LEEMAN & *al.*

The justices of the peace and of the quorum appointed to hear the disclosure of a debtor, and to administer to him the oath, if found entitled thereto under the provision of Rev. Stat. c. 148, have no authority by virtue of that appointment to act as appraisers of the property disclosed.

Where such justices certified in their record, that the debtor was " examined by us as to his property, and we were satisfied that he had no property, not exempted from attachment, save that he had two small notes of seven or eight dollars, both outlawed and of no value, and that he was clearly entitled to have the oath administered to him, and we therefore admitted him to the oath"— *it was holden* that the justices had no authority to administer the oath, and that the proceedings could not be considered as a performance of the condition of the bond.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

" This was an action on a poor debtor's bond in common form, dated Oct. 10, 1844. The writ was dated May 23, 1845. The general issue was pleaded with a brief statement of performance.

" The execution of the bond was admitted, and the defendants then introduced the certificate of two justices of the peace and quorum in due form, which may be referred to. He then proposed to read, in evidence, a writing on the back of said certificate, signed by the same justices, in the following words: " Kennebec ss. Jan'y 11, 1845. We certify, that Joseph J. Eveleth one of the within named justices was selected by the debtor, and Elias Craig, the other, was appointed by Joseph Young, a constable of Augusta, who might legally serve the precept, on which said debtor was arrested, the within named creditor having neglected to select any justice.— And we further certify, that we both reside in the town of Augusta, in which town the disclosure is made."

" This writing was objected to by the plaintiff but admitted by the Court. The defendants then stopped, and the plaintiff introduced a copy of the record of said justices as follows: —
" Kennebec ss. Jan'y 11, 1845. Before Joseph J. Eveleth, chosen by the debtor, and Elias Craig, chosen by an officer, who might have served the original writ, (the creditor declin-

ing to choose) two justices of the peace and quorum for the county of Kennebec, appeared Orrin Leeman, who had been arrested and given bond according to law, on an execution in favor of Charles F. Wingate of Augusta, to disclose the state of his property. Having examined the citation and officer's return thereon, and finding them correct and according to law, and that said creditor was duly notified ; that the said Orrin Leeman was sworn to make true answers, and was then examined by us as to his property, and we were satisfied that he had no property, not exempted from attachment, save that he had two small notes of $7, & $8, both outlawed and of no value, and that he was clearly entitled to have the oath administered to him, and we therefore admitted him to the oath prescribed in the law for the relief of poor debtors, chap. 148, § 28, Rev. St. which was duly administered to him."

" The plaintiff also introduced the execution, on which the bond was taken, and the original citation, both of which are to be made a part of the case, and may be referred to, without being copied.

" The plaintiff then offered Joseph H. Williams as a witness. His testimony was objected to by the defendants, but the Court received it, to be admitted or rejected as should be deemed proper after hearing it.— He testified, that on the 11th Jan'y, 1845, he was present at the disclosure of Leeman in *Williams* v. *him* and in *Wingate* v. *him*. Leeman, Eveleth, Craig, Bradbury, Baker and himself were present at the place appointed. Eveleth swore Leeman to make true answers, and the witness, as counsel for the creditor in *Williams* v. *him*, examined him fully as to his property. He disclosed nothing except two notes of hand, which were not produced, which Leeman said were outlawed and good for nothing. When witness had no further questions to ask, Bradbury, who was counsel for the debtor, spoke about the other disclosure. Eveleth read the citation and examined the return. Baker, who, I supposed, appeared for the creditor in *Wingate* v. *Leeman*, did not ask any questions, but sat by and attended to the examination. Eveleth was about to administer the oath, and

was not certain that he had not administered it, when Bradbury asked who appointed the justices, the witness replied that he had not appointed any, and Baker said nothing or said he had not. Bradbury looked to see who might appoint, as the creditor's attorney declined, and then asked for a delay of the proceedings till he could send for an officer to appoint a justice, and it was granted. Mr. Baker and witness then left the office — thinks Eveleth left, knows Leeman left and went for an officer; when we left the office, it was 27 minutes past 11 o'clock, A. M. Bradbury's motion was for an adjournment for some specific time, — thinks till 2 o'clock, P. M. but is not certain, and in answer to Mr. Baker's question, if it was not half an hour, the witness said it might be; he was not certain.

" *Cross examined.* — He said he did not recollect that Bradbury asked Baker and himself to stop — does not think the time of adjournment asked for was so short as half an hour, but it might be — he was not requested to stop — nothing was said about a continuation of the disclosure — does not think Baker said any thing about appointment, only to answer Bradbury's question, that he did not appoint — does not know that the oath was administered at all, nor whether it was not — thought the disclosure amounted to nothing, as he had disclosed notes which were not produced for the creditors' benefit — thinks Leeman said the notes were outlawed and he considered them good for nothing — says he had examined the debtor fully.

" The Court then ruled that the testimony of Williams was not admissible and rejected it all, and instructed the jury, that the defence was made out, and that they should give their verdict for the defendant, and they did so.

" To all of the aforesaid rulings and instructions the plaintiff excepts and prays his exceptions may be allowed.

" By Joseph Baker, his att'y."

" The foregoing exceptions are hereby allowed, prior to the final adjournment of the Court, the same having been previously reduced to writing and presented for allowance and found to be correct.          " Asa Redington, Presiding Judge."

*J. Baker*, for the plaintiff, said that the certificate of discharge furnished no defence, because notes were disclosed, and not appraised or produced. Rev. Stat. c. 145, § 29, 30; *Harding* v. *Butler*, 21 Maine R. 191. The statement of the debtor, that the notes were worthless, cannot be evidence of this fact. The law has provided the mode of determining that question.

The testimony of Williams tended to show, that the court had no jurisdiction, and was admissible. One justice had no right to adjourn without the other. *Bunker* v. *Hall*, 23 Maine R. 26; *Williams* v. *Burrill*, *ib.* 144; *Burnham* v. *Howe*, *ib.* 489; *Williams* v. *McDonald*, 18 Maine R. 120; *Granite Bank* v. *Treat*, *ib.* 340; *Hovey* v. *Hamilton*, 24 Maine R. 451.

*Bradbury*, for the defendants, contended that the defence was made out upon the face of the papers. They show, that the notes were outlawed and worthless. There was no necessity of proceeding to appraise what was of no value.

The testimony of Williams was rightly rejected. The plaintiff introduced the record, and he cannot contradict it by parol evidence. That record establishes the jurisdiction of the magistrates, having recited all the facts necessary to sustain it. Having introduced the record in evidence, and availed himself of the benefit of it, the plaintiff cannot impeach it, as a record.

But, if the testimony had been admitted, it would not have varied the case. The debtor could not select the other justice until the creditor had declined, and the selection was made as early as it could have been done, after the refusal of the creditor.

The opinion of the Court was drawn up by

TENNEY J. — The debtor, who was the principal obligor the bond in suit, made disclosure before two justices of the peace and the quorum, relative to his property, and they were satisfied, that he had no property not exempted from attach-

ment, "save that he had two notes of seven or eight dollars, both outlawed and of no value."

The Rev. Stat. c. 148, § 29, provides, that whenever from the disclosure of any debtor, &c., it shall appear that he possesses or has under his control any bank bills, notes, &c., or any property not exempted by statute from attachment, but which cannot be come at, to be attached, if the creditor and debtor cannot agree to apply the same in full or partial payment of the debt, the same shall be appraised by persons to be selected and qualified in the mode specified in the statute. The oath administered to a debtor, when notes of hand had been disclosed by him and the value of the same was not applied to the debt by an agreement of the creditor and debtor, or appraised by persons appointed for the purpose, was held, under a similar provision of the statute of 1839, chap. 412, sect. 2, not to be a fulfilment of the condition of the bond. In that case, however, the notes disclosed do not appear to have been regarded by the tribunal, which administered the oath to the debtor, as worthless, as they were in the case at bar. *Harding* v. *Butler & al.* 21 Maine R. 191.

The justices of the peace and quorum, appointed to hear the disclosure of a debtor, and to administer to him the oath, if found entitled thereto, have no authority by virtue of that appointment to act as appraisers of the property disclosed. Other persons are to be selected for that purpose, who are required to be under oath, when they perform the duty. Whether notes are barred by the statute of limitations, so that judgment cannot be recovered thereon, may depend upon evidence not apparent on their face. The debtor may have made a new promise, or a suit may have been brought before the statute could apply and still pending, upon them; and whether they are worthless or not, is a question, on which the creditor has a right to be heard before those clothed with authority to estimate their value. The judgment of the justices, who administered the oath, upon these matters was unauthorized, and could have no effect. The case is the same as if the notes were disclosed without any suggestion, that they were

not of full value, and falls within the principle of the case above referred to.                              *Exceptions sustained.*